## (May 10, 1962)

■ In the Matter of WILLIAM HIRSCHER, on His Own Behalf, and on Behalf of All Other Tenants of 1000 Grand Concourse, The Bronx, New York, Similarly Situated, Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent, and 1000 REALTY Co., Intervenor-Respondent.— Order entered on July 3, 1961, dismissing a petition to review and annul the determination of the State Rent Administrator, modified on the facts and the law to the extent of eliminating from the determination of the Administrator the provision that the rent increases be made retroactive for a six months' period, i.e., to January 29, 1960 and as so modified is affirmed, with $20 costs and disbursements to appellant. The maintenance of essential services is a prerequisite for obtaining a rent increase. But, in addition, the State Administrator may deny retroactivity to an increase if there is a serious deficiency in services. (*Matter of Halperin* v. *Caputa*, 10 A D 2d 286, 290,

affd. 8 N Y 2d 916.) The record shows that as late as June 15, 1960, an inspection disclosed that many of the intercom telephones from the apartments to the lobby were not in working order. Even though the Administrator may have been warranted in finding that the repairs of July 8, 1960 sufficiently eliminated the deficiencies, it was arbitrary and unreasonable to allow increases in rent for the period during which the intercom system was apparently not operating. The rent increases should, therefore, not have been made effective until July 29, 1960, the date of the Local Rent Administrator's order. Concur — Valente, Stevens and Eager, JJ.; Rabin, J. P., and Steuer, J., dissent in the following memorandum: We dissent from so much of the order as modifies the order below and would affirm the order in its entirety. The modification vacates the retroactive application of the order of the State Rent Administrator on the ground that essential services were not being supplied at the date of the application. The respect in which it is claimed that such services were lacking is that the intercom telephones did not function properly. The maintenance of essential services does not require that at all times every part or feature of the multiple dwelling should be in proper working order. Breakdowns of machinery or mechanical appliances do occur, other parts of the building erode and require replacement. The mere happening of such incidents is no basis for a finding that essential services are not being maintained. It is only when repair or replacement is unreasonably neglected that such a finding is warranted. Here the Administrator could well have found that the difficulties with the intercom system were not the result of unreasonable neglect but merely conditions which required the services of repair or maintenance personnel and which received attention within a reasonable time. In our opinion the record is sufficient to sustain this view which is implicit in the Administrator's order.